HAMILTON, *Appellant*, v. McLEAN *et al.*

Division Two, June 8, 1897.

1. **Setting Aside Judgment on Ground of Fraud.** Before a judgment may be set aside for fraud in a direct proceeding for that purpose, it must be made to appear that fraud was practiced in the very act of obtaining the judgment. Nor will it be set aside because it was founded on a forged instrument, or perjured evidence, or for any fraudulent matter which was actually presented and decided in the judgment assailed.

2. ———: JUDGMENT IN PARTITION. Plaintiff brought suit in partition against the defendants, claiming to be one of the heirs of a certain deceased person to a certain tract of land; the defendants presented a deed from such decedent, conveying to them his entire interest. This deed was assailed as having been obtained by undue influence and as having been concealed and recorded on the day of decedent's death; but defendants recovered. This suit in equity was brought to set aside such judgment on the ground that the deed was a forgery, the facts to establish that fact having been discovered since the final judgment in the partition suit. *Held*, that a demurrer to the petition on the ground that it did not state a cause of action, was properly sustained.

*Appeal from Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

AFFIRMED.

*James F. Pitts* for appellant.

(1) This is a proceeding in equity by which plaintiff seeks to set aside a decree in partition, and to cancel a forged deed upon which that decree is based. The lower court on demurrer dismissed the bill. (2) A forgery, except by consent, expressed or implied, can not be made the basis of a right in any form whatever. *Remington Paper Co. v. O'Dougherty*, 16 Hun. 594; *Jackson v. Summerville*, 13 Pa. St. 359, 368; *Rowland v. Jones*, 2 Heisk. (Tenn.) 321; *Dunn v. Miller*, 96 Mo. 324.

*M. A. Reed* and *B. R. Vineyard* for respondents.

(1) The fraud which will justify a court in setting aside and annulling a final judgment or decree is confined to fraud exercised in the procurement of the judgment or decree which is attacked, and does not extend to any fraud on which the original suit was founded. *Nichols v. Stevens*, 123 Mo. 96, *loc. cit.* 116; *Irvine v. Leyh*, 124 Mo. 361; *Oxley Stove Co. v. Butler Co.*, 121 Mo. 630; *Smith v. Sims*, 77 Mo. 274; *Murphy v. DeFrance*, 105 Mo. 64; *Richardson v. Stowe*, 102 Mo. 33; *Murphy v. DeFrance*, 101 Mo. 151; *Irvine v. Leyh*, 102 Mo. 206–207; *Davis v. Wade*, 58 Mo. App. 645; *Mayor v. Brady*, 115 N. Y. 599, 614–618; *U. S. v. Throckmorton*, 98 U. S. 61; 1 Herman on Estoppel, 457–461. (2) The above line of Missouri cases establishes beyond any question that in this State courts of equity will not vacate judgments merely because they are based upon a cause of action which may be vitiated by fraud, for this is a valid and meritorious defense which may be interposed in the first suit. And unless its interposition is prevented by fraud of an adversary, it can not be asserted against the judgment. *Nichols v. Stevens*, 123

Mo. 116; *U. S. v. Throckmorton*, 98 U. S. 66; *Vance v. Burbank*, 101 U. S. 514; 1 Herman on Estoppel, 458, 459. (4) The plaintiff's petition is defective in failing to show diligence in discovering the alleged forgery of that deed, and that he was free from fault in introducing it himself in evidence, and in failing to show that he acted with promptness in seeking to be released from its effects. All these are required before a contract formally executed or a judgment duly entered can be annulled. *Lewis v. Land Company*, 124 Mo. 687, 688; *Taylor v. Short*, 107 Mo. 384; *Estes v. Reynolds*, 75 Mo. 563; *Lapp v. Ryan*, 23 Mo. App. 439; *Hart v. Hendlin*, 43 Mo. 175; *Grimes v. Saunders*, 93 U. S. 55; *Disbrow v. Secor*, 58 Conn. 35; *Hicks v. Ferdinand et al.*, 20 Fed. Rep. 111. Common prudence required the plaintiff in the first suit to examine the deed for himself, or "forever after to hold his peace." It was accessible to him. He read it in evidence. Besides, if at any time it had been in possession of the other side, and he had desired an inspection thereof, he could have secured its production through an order of court. His want of prudence is inexcusable. *Lewis v. Land Company*, 124 Mo. 687. (5) If the plaintiff had alleged in his petition in this suit that he had relied on the allegations of defendants' answer in the original litigation, charging the deed in controversy to have been duly executed by the grantor therein, which he hints at but does not directly charge to be a fact, it would not have availed him in this action. In that original suit the parties were dealing at arm's length, and neither had a right to rely on any allegations in the pleadings of the other. *Haas v. Billings*, 42 Minn. 63; *Lewis v. Land Company*, 124 Mo. 687; *Smith v. Sims*, 77 Mo. 274; *Railroad v. Ennor*, 116 Ill. 63, 64; 1 Herman on Estoppel, 458. (6) The Supreme Court was the proper court to grant the leave to open up the original suit.

It not only failed to grant such leave in its decree, but refused on an application for such leave (which application it heard on its merits) to consent to the opening up of the case for further investigation. *Southard v. Russell*, 16 How. 547; *Kimberly v. Arms*, 40 Fed. Rep. 548. (7) In proceedings of this kind to open up and set aside a final decree regularly rendered, where the ground of relief is based on fraud charged to have been exercised by the successful party, there must be an affidavit of merits. 1 Black on Judgments, sec. 347; *Brick v. Burr*, 47 N. J. Eq. 189; *Livingston v. Hubbs*, 3 Johns. Ch. 126, Kent Ch.; *Osgood v. Smock*, 40 N. E. Rep. 37; 2 Thompson on Trials, sec. 2762. (8) Nor will a party in this State be permitted to try his case on one theory, and afterward try it again on a different theory. *Bray v. Seligman*, 75 Mo. 31; *Bettes v. Magoon*, 85 Mo. 580; *Whetstone v. Shaw*, 70 Mo. 575; *Holmes v. Braidwoods*, 82 Mo. 617.

BURGESS, J.—This is a proceeding in equity by which plaintiff seeks to set aside a decree of partition, rendered by the circuit court of Buchanan county in pursuance of a mandate of the Supreme Court. The petition, leaving off the formal parts, is as follows:

"Plaintiff for his amended petition says that the defendants, Finis L. McLean and Susan J. McLean are husband and wife: That heretofore, to wit, on the second day of August, 1889, John L. Hamilton departed this life, unmarried and without issue, leaving as his heirs at law the plaintiff and a sister, the defendant Eliza H. Armstrong; that plaintiff and said John L., at the time of the death of the latter, owned as tenants in common certain real estate lying and being in the county of Buchanan, to wit: Lots 1 and 12 in block 40; lot 12 in block 53; lots 5 and 6 in block 57; lots 7, 8 and 9 in block 64; the south one-half of lot 11

in block 40; also certain real estate described as follows: Beginning at the southwest corner of lot 1 in block 61, thence north with the west line of lots 1, 2 and 3 in said block, one hundred and ten feet, thence east twenty-three and one third feet, thence south one hundred and ten feet to the south line of said lot 1 and the north line of Felix street, thence west to the place of beginning, together with an interest in and to an alley ten feet in width on the north side thereof; all in the original town, now city, of St. Joseph. That on the morning of the day of the death of said John L. Hamilton, defendant Susan J. McLean and Isabella A. Bates caused to be placed upon the deed records of said county, in book 167, page 576 thereof, an instrument purporting to be a deed signed by said John L. Hamilton, under and by which he appeared to convey to them jointly an undivided one half of all the real estate aforesaid; that the signature to and upon said deed, purporting to be that of John L. Hamilton as grantor, is forged; that said deed was not drawn or signed by said John L. Hamilton, nor by anyone by him authorized so to do, and falsely purports to be an instrument executed by the said John L. Hamilton.

"That defendants McLean and Bates, knowing said deed and the signature thereto to be a forgery, and with intent to mislead, deceive and defraud plaintiff, caused the same be recorded as aforesaid; and, relying upon the representation so falsely and fraudulently made by the act of recording said deed, and believing on account thereof that said John L. Hamilton had in fact signed such a deed as purported to be on record, this plaintiff, on the ——— day of September, 1889, filed in the office of the clerk of this court his petition in equity praying that said deed might be avoided and annulled, and for partition of the premises aforesaid; that defendants here were defendants in said partition pro-

ceeding; that plaintiff, relying upon said false representation and believing therefrom that defendants McLean and Bates were in possession of a genuine deed signed by said John L. Hamilton, charged in his petition for partition that the same had been obtained by undue influence of said defendants; that defendants answered jointly and denied said charge and further, in their answer in said case, the defendants McLean and Bates, knowing that this plaintiff had been misled and deceived as aforesaid, and with intent to mislead, deceive and impose upon the court, set up and pleaded said deed as genuine, knowing the same to be forged, and prayed the court to award them, the defendants Susan J. McLean and Isabella A. Bates, one half of the real estate aforesaid.

"That such proceedings were thereafter had in said cause that this court held said deed void, and decreed partition between this plaintiff and said Eliza H. Armstrong, and from this judgment defendants McLean and Bates appealed, and upon said appeal the Supreme Court reversed the judgment of this court and by its mandate directed this court upon the pleadings and evidence then before it to enter a decree for partition between the plaintiff and the said Susan J. McLean and Isabella A. Bates, which was by this court, pursuant to said mandate, done accordingly at the January term, 1895, of this court, and on the ——— day of February, 1895.

"And further this plaintiff says that he had no reason to suspect the fraud and imposition upon himself and the court as hereinbefore alleged prior to the issuing of said mandate, or prior to the adjournment of the term at which said mandate was ordered to issue, but that afterward, on or about the 20th day of March, 1894, and during the taking of the deposition of the female defendant, Isabella A. Bates, in another

cause then pending, she made such statements as to arouse the suspicion of the plaintiff as to the genuineness of the deed for the premises aforesaid purporting to be signed by John L. Hamilton that in addition to the deed for the premises aforesaid so recorded on the day of the death of said John L. Hamilton, there were also recorded, at the same time and place, two other deeds of the same date as the one herein first mentioned, purporting to be signed by the said John L. Hamilton, by which he appeared to convey to the said Susan J. McLean and Isabella A. Bates, respectively and separately, certain real estate held in his own right and not joint property, as was that heretofore described, so that there were, in fact, three deeds purporting to have been signed and acknowledged by the said John L. Hamilton on the same day, to wit, July 29, 1889, placed upon the record as aforesaid on the morning of the day of his death, to wit, August 2, 1889; that the said Isabella A. Bates, during the course of her said examination, repeatedly stated that the said John L. Hamilton signed only two deeds— one to herself and one to defendant, Susan J. McLean —on the day that said deeds purport to have been executed, and repeatedly denied any knowledge of a third deed, or that a third deed had at any time been signed by the said John L. Hamilton; that these and other statements of the said Isabella A. Bates, made at the same time and place, led plaintiff to suspect for the first time that the deed hereinbefore mentioned was a forgery, and thereupon immediately this plaintiff caused all three of said deeds to be obtained from the possession of the defendants and to be carefully scrutinized and examined, to be submitted to leading experts in handwriting and the signatures thereto to be photographed, and thereupon, on or about the —— day of July, 1894, and after the issuing of said man-

date as aforesaid, and after the adjournment of the term of the Supreme Court at which said mandate was ordered to issue, plaintiff first became aware of the deception, fraud, and imposition practiced and permitted by defendants as hereinbefore alleged; that immediately upon the discovery of said forgery and prior to the entry of the decree under said mandate plaintiff applied to this court to stay proceedings under said mandate, setting up the fact of forgery and its discovery as aforesaid, and at or about the same time, to wit, July 9th, 1894, plaintiff filed a motion in the Supreme Court praying that its mandate might be so modified as to permit him to avail himself of the discovery of said forgery so made as aforesaid, but his said applications were denied and a final decree entered pursuant to said mandate as hereinbefore alleged.

"Wherefore plaintiff prays that said decree in partition entered by this court on the —— day of February, 1895, be set aside and annulled, that said deed so recorded in book 167, page 576, may be declared void and for naught held, and that he may have all and proper relief in the premises."

Defendants demurred to the petition upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and plaintiff declining to plead further, his bill was dismissed and judgment rendered against him for costs. Plaintiff appeals.

Whatever the rule may be elsewhere, it is well settled in this State in order that a judgment may be set aside for fraud in a direct proceeding for that purpose it must be made to appear that fraud was practiced in the *very act* of obtaining the judgment. *Lewis v. Williams, Adm'r of Henry*, 54 Mo. 200.

*Payne v. O'Shea*, 84 Mo. 129, was a bill in equity to enjoin and restrain the enforcement of a judgment

obtained before a justice of the peace and asking for a settlement and accounting between the parties, and it was held that while a judgment may be set aside in equity for fraud, the fraud must be in the procurement of the judgment, and not merely fraud in the cause of action on which the judgment is founded, and which could have been interposed as a defense, unless its interposition as a defense was prevented by the fraud of the adverse party.   That case was followed and approved in *Murphy v. DeFrance*, 101 Mo. 151, in which is quoted with approval the following from Freeman on Judg. [3 Ed.], sec. 489: "The fraud for which a judgment may be vacated or enjoined in equity must be in the procurement of the judgment.   If the cause of action be vitiated by fraud, this is a defense which must be interposed, and unless its interposition be prevented by fraud, it can not be asserted against the judgment."   The court also said "courts of equity do not grant such relief for the purpose of giving a defeated party a second opportunity to be heard on the merits of his defense; and the relief is confined to those cases where the judgment is procured by fraud or through excusable mistake or unavoidable accident."   See, also, *Murphy v. DeFrance*, 105 Mo. 53; *Oxley Stave Co. v. Butler Co.*, 121 Mo. 614.

The same question was before the Supreme Court again in *Nichols v. Stevens*, 123 Mo. 96, and it was held that in order that a judgment may be set aside upon the ground of its having been obtained by fraud it must appear that the judgment was "*concocted* in fraud; that fraud was practiced in the *very act* of obtaining the judgment.   The fraud in such case must be *actual* fraud as contradistinguished from a judgment obtained on false evidence or a forged instrument on the trial."   See, also, *Moody v. Peyton*, 135 Mo. 482; 1

Bigelow on Fraud, pp. 86, 87; *Ward v. Southfield*, 102 N. Y. 287.

"The doctrine is equally well settled that the court will not set aside a judgment because it was founded on a fraudulent instrument, or perjured evidence, or for any matter which was actually presented and considered in the judgment assailed." . . . . . . "That the mischief of re-trying every case in which the judgment or decree rendered on false testimony, given by perjured witnesses, or on contracts or documents whose genuineness or validity was in issue, and which are afterward ascertained to be forged was in issue, and which are afterward ascertained to be forged or fraudulent, would be greater, by reason of the endless nature of the strife, than any compensation arising from doing justice in individual cases." *United States v. Throckmorton*, 98 U. S. 61. In that case there is also quoted with approval the following from Wells on Res Adjudicata, sec. 499. "Fraud vitiates everything, and a judgment equally with a contract; that is, a judgment obtained directly by fraud, and not merely a judgment founded on a fraudulent instrument; for, in general, the court will not go again into the merits of an action for the purpose of detecting and annulling the fraud. . . . . . . Likewise, there are few exceptions to the rule that equity will not go behind the judgment to interpose in the cause itself, but only when there was some hindrance beside the negligence of the defendant, in preventing the defense in the legal action."

While the petition shows that the deed in question was assailed by plaintiff in the partition suit on the ground of its having been obtained by Mrs. McLean and Mrs. Bates by fraud and that that question was decided adversely to him, he now undertakes by this action to escape the legal consequence flowing from the result of that adjudication, by averring that the

deed was a forgery, which defendants knew, and which he did not learn until the determination of that suit when his suspicions were aroused by the statements made by Mrs. Bates whose deposition was being taken in another suit. It thus appears that plaintiff was afforded an opportunity of showing that the deed was a forgery upon the trial of the partition suit, and having failed to do so without interposition on the part of the defendants herein, he is not entitled to have the judgment in that case set aside merely to give him a second opportunity to show that the deed was a forgery. The fact that defendants had the deed recorded had no tendency whatever to show that it was a forgery, or to mislead any person with respect thereto.

In *Duncan v. Lyon*, 3 Johns Ch. 351, it is said: "It is a settled principle, that a party will not be aided after a trial at law, unless he can impeach the justice of the verdict by facts, or on grounds of which he could not have availed himself, or was prevented from doing it by fraud or accident, or the act of the opposite party, unmixed with fault or negligence on his part." *Shelbina Hotel Ass'n v. Parker*, 58 Mo. 327.

But even if the deed was a forgery and the judgment was founded thereon, the judgment will not be set aside, and the merits of the action again gone into for the purpose of demonstrating that it was in fact a forgery. Therefore, admitting all of the material allegations of the petition to be true, it does not appear therefrom that fraud was practiced in the *very act* of obtaining the judgment; or that plaintiff was prevented by any interposition of defendants from showing that fact if true, in the partition suit, and therefore failed to state a cause of action. The judgment is affirmed. GANTT, P. J., and SHERWOOD, J., concur.