## HAMILTON, Appellant, v. McLEAN et al.

### Division One, May 21, 1902.

1. **Judgment**: CONCLUSIVENESS: ATTACKED FOR FRAUD: FORGED DEED. A judgment in partition founded on a forged instrument, which by that decree was held to be a valid deed, can not be set aside by a direct proceeding charging the judgment to have been obtained by fraud. If the pleadings raised the issue that the deed was invalid and void, and that issue is not by the decree sustained, then the fraud was not in the very act of procuring the judgment, and, hence, the judgment itself can not be said to have been obtained by fraud, and therefore it is unassailable. And if the pleadings in the partition suit charged the deed to be "null and void," this is the law, notwithstanding that, in the suit to set that decree aside, it is alleged that at the time of that decree it was not known that the deed was a forgery, but that the charge of its invalidity in that case was based on the grantor's incapacity to make the deed and the grantee's undue influence and fraudulent imposition on him. The character of the deed was concluded by that decree, and can not again be investigated.

2. ———: ———: ———: ISSUES EMBRACED IN PLEADINGS. What issues might have been determined under the pleadings are deemed settled as much as those in respect to which evidence was introduced.

3. ———: ———: ———: FORGED DEED: REPRESENTATIONS OF BENEFICIARY: ESTOPPEL. And if the issue of a forged deed was determined by the decree of the court, because necessarily embraced in the pleadings, and no confidential relations exist between the parties, the grantee is not estopped to plead that decree as a bar in a suit to set the decree aside, because of the fact that he had frequently fraudulently represented to the opposite party that the deed was genuine. Such representation is not a statement of a matter extrinsic or collateral to the issue of "null and void deed."

Appeal from Buchanan Circuit Court.—*Hon. Jacob Klein,* Special Judge.

AFFIRMED.

. *S. P. Huston, Stephen S. Brown* and *Jas. F. Pitt* for appellant.

(1) The fraud for which a judgment may be vacated in equity must be in the procurement of the judgment; and relief will be granted a party only on grounds of which he could not have availed himself, or was prevented from doing it by fraud or accident or the act of the opposite party, unmixed with fault or negligence on his part. Hamilton v. McLean, 139 Mo. 678; Dunn v. Miller, 96 Mo. 324; Wonderly v. Lafayette Co., 150 Mo. 635; 1 Black on Judgments, secs. 371 and 384; Jackson v. Somerville, 13 Pa. St. 359; Rowland v. Jones, 2 Heisk. (Tenn.) 321. (2) A concealment by the opposite party of a fact peculiarly within his own knowledge, as the forgery by himself of the name of a third party, or the making by himself of a fictitious assignment to a third party, which fact of itself, if disclosed, would constitute a complete defense, is a fraud upon the defendant, and a fraud in procuring the judgment. Wonderly v. Lafayette Co., supra. (3) A notary's certificate of acknowledgment is prima facie evidence of the genuineness of the signature certified to. Pierce v. Georger, 103 Mo. 540; State ex rel. v. Balmer, 77 Mo. App. 463. (4) Here the forgery was committed by the defendants themselves, and so skillfully done as to be the very picture of truth. The act was peculiarly within their own knowledge. They alone knew that the certificate, fraudulently procured by them, and upon which plaintiff was entitled to rely, was false, and in all their statements and representations to plaintiff they concealed their own act, one which could only be known to themselves.

That such a concealment was a fraud upon the plaintiff, that it interposed to prevent a defense in the partition suit, and was a fraud in procuring the judgment, will hardly be denied since the decision in Wonderly v. Lafayette Co., supra. (5) The reason of the doctrine that equity will not entertain a bill to set aside a judgment merely on the averment that the cause of action on which it is founded is tainted with fraud, is that the party had an opportunity to interpose that defense in the suit in which the judgment was rendered. Irvine v. Leyh, 102 Mo. 207. But when the defendant is prevented by the fraud of the plaintiff from making the defense, and when, as in this case, the defense rests in the peculiar knowledge of the plaintiff and he conceals it from defendant, the fraud attaches to the judgment and vitiates it; it is a fraud in procuring the judgment. Black on Jud., sec. 371; Freeman on Jud., sec. 491; Fish v. Lane, 3 Hayw. (N. C.) 342; Reed v. Harvey, 23 Ark. 44; Spencer v. Vigneaus, 20 Cal. 442; Ins. Co. v. Fields, 2 Story, 59. (6) A man is and only should be held to diligence such as is ordinarily exercised by men of his class under the circumstances of the case, and when that care has been exercised he ought not to be turned away from a court of equity without a remedy. That would be a reproach to our judicial system. If a man of his own will with knowledge neglect his opportunity without any intervening obstruction by his opponent, the sealed record of the law may well be final and equity may well refuse to interfere, but when the opposite party has forged an instrument and he alone knows of its forgery and conceals it from the other party, who has no intimation of it and nothing apparent on the face of the instrument to suggest it, and ordinary diligence under all the circumstances of the case would not disclose it, it would be a very harsh rule which would refuse the aid of equity to throttle the wrong. Every man is presumed to be always able to detect a forgery of his own signature, but there is no such rule as to the signature of others. The

rule that a suitor must presume. forgery and treat all instru-
ments as forgeries at his peril is a complete reversal of that
other rule which presumes honesty.   In reference to the sig-
nature of other parties it imposes more than mortal vigilance.
In that class of cases where there was unsuspected forgery
without neglect in failing to discover it before trial, this
rule is tersely and strongly stated by this court in the case of
Dunn v. Miller, 96 Mo. 337; Jackson v. Somerville, 13 Pa.
St. 368.

*B. R. Vineyard* and *R. A. Brown* for respondents.

(1)   Where the effect of a judgment is to decide a par-
ticular issue of fact, that issue must be held *res adjudicata*
as to the parties then before the court.   And it makes no
difference as to the form in which the issue is presented.
Young v. Bird, 124 Mo. 590.   It is not the grounds on which
the first case was tried, but the result flowing from the decree
itself, which settles forever all matters involved within the
scope of the pleadings, whether controverted at the trial or
not.   Donnell v. Wright, 147 Mo. 647.   (2)   As seen by a
reference to the pleadings in the original partition suit, copied
into the petition of plaintiff in the suit at bar, the validity of
the deed now here attacked was brought directly into question
by the issues framed.   Indeed, the validity of the deed was
the only issue involved.   John L. Hamilton as the common
source of title, the heirship of the parties, and the right to
partition, were conceded.   In fact, partition was asked for
by both sides.   The only controversy was over the validity
of this deed from John L. Hamilton to his nieces, the respond-
ents in this case.   It is well settled law in this State, that
what might have been shown under the issues framed by the
pleadings are as much settled as those about which evidence
was introduced, and a failure to have introduced evidence in
no way affects this rule of law.   Donnell v. Wright, supra;

Irvine v. Leyh, 102 Mo. 207; Caldwell v. White, 77 Mo. 471; Chouteau v. Gibson, 76 Mo. 38; Dobbs v. Ins. Co., 72 Mo. 191; Greenbaum v. Elliott, 60 Mo. 25; Hotel Ass'n v. Parker, 58 Mo. 327; Miller v. Bernecker, 46 Mo. 194; Stevenson v. Edwards, 98 Mo. 628; Railroad v. Traube, 59 Mo. 355; Mason v. Field, 10 Mo. 100; Railroad v. Levy, 17 Mo. App. 507; Laffoon v. Fretwell, 24 Mo. App. 258; Mayor v. Brady, 115 N. Y. 599; Gardiner v. Van Alstyne, 48 N. Y. Sup. 114; Livingston v. Hubbs, 3 Johns. Ch. 126; Heller v. Mfg. Co., 116 Cal. 127. (3) But conceding the foregoing proposition of law to be correct, plaintiff's counsel contend that the petition herein charges he was deceived by the statement of respondents to the effect that their uncle, John L. Hamilton, had made the deed in controversy, conveying them the property therein described. It may be stated in reply that the petition does not charge that this statement was made in view of any contemplated litigation on the subject. Besides, there was no confidential relations existing between the parties which required respondents to disclose the truth. They occupied antagonistic positions towards the property and towards each other, and Hamilton relied at his peril upon any information gotten from them. Lewis v. Land Co., 124 Mo. 687; McDonald v. Pearson, 21 So. Rep. 537; Haas v. Billings, 42 Minn. 63; Railroad v. Ennor, 116 Ill. 64; Maddox v. Apperson, 82 Tenn. (14 Lea), 596; Dunn v. White, 63 Mo. 186; Wood v. Amory, 105 N. Y. 282; Ritchie v. McMullen, 79 Fed. 531. (4) Neither false swearing nor forged instruments, on the strength of which the successful party may have gained his case in the first suit, can serve as the foundation for a second suit to set aside the decree rendered in the first one. Because every litigant must be prepared to meet these things in the trial of the original case. They are necessarily involved in the trial of the merits of the controversy between the parties in the first instance. They are not extrinsic or collateral matters, such as the mis-

leading of a litigant as to the time of trial, appearance for him by an unauthorized attorney, bribing of the judge or jury to decide against him, and the like, which would justify setting aside the decree in the original action. Pico v. Cohn, 91 Cal. 129; Hamilton v. McLean, 139 Mo. 678; Bates v. Hamilton, 144 Mo. 1; Irvine v. Leyh, supra; Adler v. Land. Co., 21 So. (Ala.) 492; Ritchie v. McMullen, supra; Friese v. Hummel, 37 Pac. (Ore.) 458; Noll v. Chattanooga, 38 S. W. (Tenn.) 290; M'd. Steel Co. v. Marney, 91 Md. 360; United States v. Throckmorton, 98 U. S. 68; Dringer v. Railroad, 42 N. J. Eq. 580; United States v. Beebe, 92 Fed. 244; s. c., 34 C. C. A. 321. (5) The former judgment must have been concocted in fraud. Nichols v. Stevens, 123 Mo. 116; Hamilton v. McLean, 139 Mo. 686; Moody v. Peyton, 135 Mo. 489; Fears v. Riley, 148 Mo. 59. (6) It was the duty of the plaintiff to show on the face of his petition, that he sought from all sources likely to prove availing, for the evidence to be used in the first trial, even touching the genuineness of the deed whose forgery he says he discovered after that suit was brought. Osgood v. Smock, 144 Ind. 387; Traphagen v. Voorhees, 45 N. J. Eq. 49; Greenfield v. Frierson, 7 Heisk. (Tenn.) 637; Hill v. Harris, 42 Ga. 412; Slack v. Wood, 9 Gratt. 40; Livingston v. Hubbs, 3 Johns. Ch. 126; Haas v. Billings, 42 Minn. 63; Bliss v. Prichard, 67 Mo. 188. The requirement of any diligence short of this would open wide the doors to endless litigation. Carolus v. Koch, 72 Mo. 647; 11 Enc. Pl. and Pr., 1198-1199; Livingston v. Hubbs, supra. The plaintiff must state fully, clearly and with minuteness of detail, the grounds on which he asks relief. 11 Enc. Pl. and Pr., 1187-8, 1193-6 and 1198-9; Willems v. Willems, 72 Ill. App. 200; Heller v. Mfg. Co., 116 Cal. 127; Carolus v. Koch, 72 Mo. 645; 11 Enc. Pl. and Pr., 1180, 1194-5 and 1198; Johnson v. Templeton, 60 Tex. 238. (7) The petition in this case is also defective in failing to disclose the names of the wit-

nesses and the character of the evidence by which the plaintiff has discovered and can establish the deed in question to be a forgery. The court is entitled in the petition, that it may be able to judge for itself from the showing thus made, whether there are probable grounds to justify a legal investigation of the same subject a second time. Aholtz v. Durfee, 122 Ill. 286; Mulford v. Cohn, 18 Cal. 46; Willems v. Willems, supra; Hill v. Harris, supra; Griffith v. Griffith, 46 S. W. (Tenn.) 341; Dixon v. Graham, 16 Iowa 313. (8) The petition is defective in not being supported by affidavit. Like a motion for new trial on the ground of newly-discovered evidence, though not required by statute, the petition must be verified by affidavit. This is an imperative rule of law. Osgood v. Smock, 40 N. E. 37; Brick v. Burr, 47 N. J. Eq. 191; 5 Enc. Pl. and Pr., 1023; 15 Enc. Pl. and Pr., 272; Totten v. Nance, 3 Tenn. Ch. 264; Burge v. Burge, 88 Ill. 164; Bull v. Pyle, 41 Md. 423; 1 Black on Judgments, sec. 347; Hollinger v. Reeme, 36 N. E. (Ind.) 1114; Aholtz v. Durfee, supra; Berdamatti v. Sexton, 2 Tenn. Ch. 699.

ROBINSON, J.—This is a proceeding in equity instituted September 26, 1898, to avoid, set aside, and annul a partition decree entered in a suit by this plaintiff, Edward W. Hamilton, against Eliza Armstrong, now deceased, and these respondents, rendered in the Buchanan Circuit Court, on January 28, 1895.

The defendant demurred to the original petition filed, whereupon plaintiff filed an amended petition. To this defendant also demurred. In the meantime, upon plaintiff's application for a change of venue, Judge Jacob Klein of St. Louis, was called in to try the case, and this last demurrer was sustained, and plaintiff filed the following second amended petition, to-wit:

Petition.

"Now comes said plaintiff and for his second amended petition herein states:

"That the defendants Finis L. McLean and Susan J. McLean are husband and wife. That on or about the second day of August, 1889, the plaintiff and his brother, John L. Hamilton, were the owners in fee as tenants in common each of an undivided half of the following described real estate situate in the county of Buchanan and State of Missouri, that is to say: lots 1 and 12 in block 40, lot 12 in block 53, lots 5 and 6 in block 57, lots 7, 8 and 9 in block 64, the south half of lot 11 in block 40; also a lot or parcel of ground bounded and described as follows: Beginning at the southwest corner of lot 1 in block 61, thence north with the west line of lots 1, 2 and 3 in said block, 110 feet, thence east 23 1-3 feet, thence south 110 feet to the south line of said lot 1, being the north line of Felix street, thence west to the place of beginning, together with an interest in and to an alley ten feet in width on the north side thereof; all of said land hereinbefore described being in the original town, now city, of St. Joseph. That on the second day of August, 1889, the said John L. Hamilton, then being and remaining so seized of said lands and a resident of said county, died intestate, without issue and without ever having been married, leaving as his only heirs at law the plaintiff, who was and is his only brother, and Mrs. Eliza H. Armstrong, his only sister; that the said Eliza Armstrong died in the year, 1896, being then a widow, and leaving as her only children and heirs at law the defendants Susan J. McLean and Isabella A. Bates.

"Plaintiff further states that, on the very day of the death of the said John L. Hamilton, the defendants, Finis L. McLean, Susan J. McLean and Isabella A. Bates, filed in the office of the recorder of deeds for said Buchanan county, and caused to be spread upon the record of deeds of said county

in book 167 at page 576 thereof, an instrument of writing dated July 29, 1889, purporting to be a deed of conveyance signed by the said John L. Hamilton, and purporting to be by him duly acknowledged, whereby he appeared to convey to the said Susan J. McLean and Isabella A. Bates the undivided one-half of said premises, being his entire interest in and to all the land and real estate hereinbefore described. Plaintiff further states that the said defendants herein, and each of them soon after said deed was placed of record as aforesaid, and at divers times subsequent thereto and before the trial of the partition suit hereinafter referred to, falsely and fraudulently represented and stated to this plaintiff that the said deed had been signed, executed and acknowledged by the said John L. Hamilton upon the day of its date, and said defendants caused one John T. Quigley, the notary public before whom said deed purported to have been acknowledged, to falsely join in such representations and assurances, all of which statements and representations were known by these defendants to be false, and were made by them for the purpose of deceiving and defrauding this plaintiff, and inducing him to believe that said deed was genuine, when in truth and in fact said deed was false and forged, and was made and contrived by the defendants and used by them for the purpose of deceiving and misleading the plaintiff, and to enable them fraudulently thereby to finally obtain title to the said real estate herein described.

"Plaintiff further states that the aforesaid false and forged deed so filed for record and recorded in the recorder's office in and for Buchanan county, State of Missouri, on the second day of August, 1889, had appended and attached thereto a genuine certificate made by one John T. Quigley, then and there a notary public within and for said county, stating that the said John L. Hamilton had on the twenty-ninth day of July, 1889, personally appeared before him and had acknowledged the execution of said deed, which cer-

tificate so made was wholly and utterly false; that at the date of the aforesaid false certificate the said John T. Quigley was and for years prior thereto had been a well-known and duly qualified and acting notary public within and for said Buchanan county; that said deed was prepared by the said Finis L. McLean in the office of the said Quigley, and was drawn upon a single sheet, and upon a printed blank form commonly used for a general warranty deed; that the written portions thereof, as well as all the written portions in the body of the certificate of acknowledgment thereto, were and are all in the proper handwriting of the said defendant Finis L. McLean. That upon the date that said forged and spurious deed bears date, there were two other deeds conveying other property, in fact executed by the said John L. Hamilton and acknowledged by him before the said Quigley, at the residence of the said Hamilton, and while the said Hamilton was greatly enfeebled by sickness, and the said Finis L. McLean by substitution and false representations induced the said Quigley to understand and believe that the said John L. Hamilton had in fact executed and acknowledged the deed here in question; that the said false and spurious deed and the said false and spurious notarial certificate attached thereto were all designed, concocted and contrived by the said Finis L. McLean, acting for the other defendants, and by him through artifice and deceit, imposed upon the said John T. Quigley, and the said John T. Quigley's certificate, as notary aforesaid, fraudulently obtained thereto; that the said Finis L. McLean so concocted and contrived said deed and so misled and imposed upon said notary for the sole purpose of deceiving, cheating and defrauding this plaintiff, as hereinbefore alleged, all of which was well known to these defendants at the time of the trial of the suit in partition hereinafter referred to.

"Plaintiff further states that the forgery of said deed was and is skillfully executed, and the pretended signature of the

said John L. Hamilton thereto skillfully simulated, and said simulation was and is so perfect as to deceive all persons except experts in handwriting having proper appliances for making a skillful examination of the handwriting in order to detect the dissimilarity; that plaintiff was not skilled in disputed handwriting or in detecting spurious and forged signatures as said defendants well knew. Plaintiff further states that there was nothing upon the face of the deed sufficient to or which would be likely to or did create any suspicion in the mind of the plaintiff herein that it was not what it purported to be, that is to say, the genuine act and deed of the said John L. Hamilton; that in order to have discovered the forgery and the spurious character of the said instrument it would have required a skillful examination thereof by experts in handwriting with proper appliances therefor; and that the plaintiff upon seeing and inspecting said deed and hearing the statements made by defendants as to its execution, and seeing the official certificate appended and attached thereto as aforesaid, had no reason to suspect and did not suspect that the instrument was other than what it purported to be and was represented to be by these defendants and by the notarial certificate attached thereto, and that plaintiff had no reason to believe or presume or suspect, and that he did not presume, believe or suspect that said deed was in fact a forgery, and that said notary's certificate was false and had been fraudulently procured and made as aforesaid.

"Plaintiff further states that on the ——— day of August, 1889, he as plaintiff instituted a suit in this court for partition of said premises against the said Eliza H. Armstrong, Isabella A. Bates, Susan J. McLean and Finis L. McLean as defendants, wherein his petition was as follows:

"'The plaintiff complains of the defendant, and for his cause of action states, that the plaintiff and John L. Hamilton, lately deceased, were in the lifetime of said John L. Hamilton seized in fee as tenants in common of the following

described real estate, situate in the county of Buchanan, State of Missouri, to-wit: lot twelve and the south half of lot eleven in block forty in the original town of St. Joseph; lot one in block forty in said original town of St. Joseph; lots five and six in block fifty-seven, and lot twelve in block fifty-three, and lots seven and eight and nine in block sixty-four; and the west twenty-three and one-third feet of lots one, two and three in block sixty-one, all in said original town of St. Joseph. That the said John L. Hamilton departed this life on the second day of August last past, leaving no wife or descendants, nor father nor mother; that the plaintiff was his only brother, and the defendant Eliza H. Armstrong his only sister. And plaintiff and said defendant Eliza are the sole heirs at law of said John L. Hamilton, and that the plaintiff and said defendant Eliza are seized of said premises in the following proportions, to-wit: the plaintiff of an undivided half thereof, which he held in common with his said brother, John L. Hamilton, and of an undivided one-fourth thereof, as heir of his brother John, and said defendant, Eliza H. Armstrong, is seized of an undivided one-fourth of said premises, as heir of her said brother, John L. Hamilton. And plaintiff further states that the said defendant refuses to make partition or division of said land with the plaintiff, pretending that the other above-named defendants have some interest therein with her. And plaintiff charges that a fair, just and equal partition of said premises will tend greatly to the benefit and advantage of the plaintiff and of the defendant Eliza. And plaintiff further states that the said defendants Susan Jane McLean and Finis L. McLean are husband and wife; that the said Susan J. McLean and Isabella A. Bates pretend to have some claim or interest in the partition of said above-described premises, which in his lifetime belonged to the said John L. Hamilton, and claim to be in possession of certain conveyances alleged to have been executed by the said John, and which the plaintiff alleges were not the acts and

deeds of the said John L. Hamilton, and were and are null and void. Wherefore the plaintiff prays the order and decree of this court requiring the said defendants McLean and Bates to surrender, cancel and deliver up, as this court shall direct and appoint, the alleged deeds or conveyances so claimed by them from said John L. Hamilton; that the plaintiff and the defendant Eliza be declared to be tenants in common and seized in fee of said premises in the proportion above set forth; and that partition thereof be made between them, and that an undivided three-fourths of said premises be allotted and conveyed to the plaintiff, and an undivided one-fourth thereof be allotted and conveyed to. the defendant Eliza, and that commissioners be appointed, to divide and allot said premises in shares as above stated, so that the plaintiff may severally hold and enjoy his allotment of said premises, and for all proper relief.'

"The defendants in said cause on the twentieth day of January, 1890, filed their answer to said petition, as follows:

" 'The above named defendants for answer herein admit that plaintiff and John L. Hamilton were, during the lifetime of said last named party, the owners of and tenants in common of the real estate described in the petition; admit that said John L. Hamilton died on the second day of August, 1889, leaving no wife or descendant, father or mother, and that plaintiff was said John L. Hamilton's only brother, and that defendant Eliza H. Armstrong, was his only sister; admit that defendants Finis L. McLean and Susan J. McLean are husband and wife; admit that the defendants, Susan J. McLean and Isabella A. Bates, claim to have an interest in that portion of said real estate formerly owned by said John L. Hamilton, and claim to be in possession of deeds of conveyance from said John L. Hamilton of his one-half interest therein, and deny each and every other allegation in said petition contained. Defendants further state that prior to the death of the said John L. Hamilton, and on the twenty-ninth day of July, 1889, the said Hamilton made and executed his

warranty deed, wherein and whereby, for a good and valuable consideration therein named, he conveyed his said undivided one-half interest in and to the land in the petition described, to these defendants, Susan J. McLean and Isabella A. Bates, and then and there delivered the same to said grantees who thereafter and on the second day of August, 1889, and prior to the death of said John L. Hamilton, duly recorded the same in the office of the recorder of deeds of Buchanan county, Missouri, and the same now appears of record in said office in book 167, page 576. That in and by said deed all the undivided right, title and interest theretofore owned in said land by said John L. Hamilton was conveyed to these defendants, Susan J. McLean and Isabella A. Bates. Wherefore, defendants pray the court for the appointment of commissioners, as in the petition asked, and that the one undivided half right, title and interest in said land be partitioned and set apart for their use and benefit, and that the other undivided one-half interest be set aside and allotted to plaintiff.'

"Plaintiff further states that on the twenty-third day of September, 1890, he filed his reply to the defendant's answer in said partition suit, as follows:

" 'Plaintiff, for reply to the new matter set forth in the answer of defendants, denies each and every allegation therein contained; and further answering, plaintiff reiterates and charges as in his petition that the pretended deed referred to in the petition and set up in said answer, is not, and never was, the act and deed of said John L. Hamilton, but the semblance and pretense of such conveyance was procured by the solicitation and influence of defendants, unduly and fraudulently exerted over the said John L. Hamilton, and at the time when the said John L. Hamilton was suffering and enfeebled from a severe illness, which in a very short time terminated his life, and when he was in the care and charge of said defendants as his nurses and attendants, and when he was incapable, by reason of such illness, to transact any business.'

"Plaintiff further states that the said circuit court of Buchanan county, Missouri, then and there had full and complete jurisdiction, power and authority to hear and determine said partition suit, and such proceedings were afterwards had therein that on January 26, 1895, the said circuit court of Buchanan county entered its final decree and judgment in said partition cause, which is duly recorded in book 41 at page 552 of the record of said circuit court, finding and ascertaining under the pleadings aforesaid that the defendants Isabella A. Bates and Susan J. McLean were each entitled to an undivided one-fourth of said lands in fee by virtue of the said pretended deed so admitted by the plaintiff to be genuine and directing that the same be partitioned and distributed between this plaintiff and the said Susan J. McLean and Isabella A. Bates, according to their respective rights aforesaid so ascertained and declared, which decree was carried into execution and the property aforesaid partitioned between this plaintiff and the said Susan J. McLean and Isabella A. Bates in accordance with the findings and orders of said decree.

"Plaintiff further states that relying upon the false and fraudulent representations of the defendants as to the genuineness of the said deed purporting to have been executed by the said John L. Hamilton and believing the same to be true, and having no reason to suspect them to be false, and relying upon the aforesaid false and spurious certificate made by the said notary to said deed as aforesaid, and believing the same to be true, and having no means of discovering their falsity, nor any reason to suspect them to be false he was induced thereby and did, in reliance thereon and being misled thereby, without any fault or negligence on his part, admit by his pleadings in said partition suit that the said deed so purporting to have been made by the said John L. Hamilton, had in fact been made and signed by him, and was induced by the aforesaid false representations and false certificates to believe that said deed

Vol 169 mo—5

was genuine, and to refrain from and did refrain from attacking said deed on account of its forged and spurious character; and that said final decree and judgment was founded solely upon defendant's admission of the genuineness of said deed procured as aforesaid and made in the pleadings in said partition suit, and that the defendants herein had no right, title or claim in and to said property, or any part thereof, except such as they obtained by and through the aforesaid false and forged deed.

"Plaintiff further states that the pretended maker of said deed, John L. Hamilton, died within two days after it purports to have been made, and that in fact he was in the throes of death when said alleged deed was placed of record, and was totally unconscious from that time until his death, and that said deed was not in fact placed of record until the defendant Finis L. McLean was assured of the almost immediate death of the said John L. Hamilton. Plaintiff further states that he did not discover that said deed was a forgery, nor did he suspect that it was a forgery, nor had anything come to his knowledge which caused him to suspect that it was a forgery or which would have been likely to cause him to suspect that it was a forgery, until long after the final judgment and decree of partition aforesaid, and long after the final adjournment of the term of court at which the said partition suit was tried and the said decree entered.

"Plaintiff therefore charges the fact to be, that said decree was based upon an absolute forgery, the fact of which the plaintiff did not and could not discover, and that he was prevented from making that defense, and was induced to admit the genuineness of said deed by his pleadings, through the aforesaid false and fraudulent representations, assurances, official certificate, and other means employed by the said defendants to mislead and induce him to believe, and which did induce him to believe that the said deed was genuine.

"Wherefore plaintiff says that the said decree was ob-

tained by these defendants by fraud, covin and deceit practiced upon him by defendants in the manner and form aforesaid, and he prays that the same may be set aside and for naught held; and further, that said instrument of writing so recorded as aforesaid purporting to be the deed of John L. Hamilton, be considered a cloud upon his title, and that it may be set aside and the record thereof vacated, and for all other and proper relief in the premises."

Defendants demurred to this second amended petition on the ground, among others, that it did not state facts sufficient to constitute a cause of action. This demurrer was also sustained, and plaintiff declining to plead further, his bill was dismissed and judgment rendered against him for costs, from which he appeals to this court.

This case has had quite an eventful history. The decree of partition, sought to be avoided, was rendered three years and eight months before the commencement of this suit. The questions involved in this proceeding have been before this court on two occasions since the rendition of the decree in partition, and decided adversely to plaintiff in each instance. [Hamilton v. McLean, 139 Mo. 678; Bates v. Hamilton, 144 Mo. 1.] In the opinion on the former appeal, it was said: "Whatever the rule may be elsewhere, it is well settled in this State, in order that a judgment may be set aside in a direct proceeding for that purpose, it must be made to appear that fraud was practiced in the very act of procuring the judgment," and that, "the fraud must be in the procurement of the judgment, and not merely in the cause of action on which the judgment is founded, and which could have been interposed as a defense."

In our judgment, the demurrer of the petition herein was properly sustained by the trial court upon the authority of the case of Hamilton v. McLean, 139 Mo. 678, supra. The petition in this case, as in that, has the same parties, plaintiff and defendant; its purpose, the setting aside and annulling the

same decree, entered in a suit for the partition of the same property, is identical; the grounds pleaded in each case for having said decree set aside are substantially the same, that is to say, the decree was based upon the forged deed offered in evidence by the defendants in the partition proceedings, which caused the judgment rendered to be adverse to the plaintiff herein: and lastly, in that case, as in this, the so-called forged deed is asked to be brought into court and ordered cancelled.

The petition in the present case is much more elaborate in its detail than the petition in the case reported in 139 Mo. 678, supra, but when stripped of its unnecessary verbiage and when read in the light of the pleadings in the partition proceedings that have been copied into and made a part thereof, so that the court might be informed as to the real facts involved, independent of the pleader's conclusions therefrom, the petitions in the two cases may be said to be substantially the same.   The statement in the present petition as to what was the issue in the partition proceedings that resulted in the decree now sought to be set aside and annulled, is, at best, but a conclusion of the pleader, the error of which is shown by the reading of the pleadings in that proceeding, which are copied into it and made a part of the petition herein, and on a demurrer to that petition the court was not bound in its consideration thereof to the pleader's conclusions, as to the facts involved in the determination of the partition proceedings, which resulted in the decree rendered, but had the right to look beyond plaintiff's mere statement of erroneous conclusions, to the pleadings in the partition proceedings, which were copied into his petition and made a part thereof, to determine for itself what really was the issue in that case, and treat as having been said by the pleader, that only as a fact, which upon the face thereof shows for itself; and this case clearly illustrates the wisdom of the rule which requires that in suits of this character, the pleader must set out, along with his statement of the facts, the pleadings in the case, in which

the judgment sought to be set aside and annulled, was rendered.

When the pleadings in this case are read and considered as a whole, and in connection with the pleadings in the partition proceedings in the case of this plaintiff against Eliza Armstrong et al., copied therein, we must determine that it is nothing more than a proceeding to have this court set aside and annul the decree obtained in that suit on the strength of what plaintiff characterizes as a forged deed, used by the defendant therein to deceive him and the court called to adjudge and settle the controversy therein involved.

Such being the case before us, we come again to the question, what fraud can be considered in an effort to set aside and annul the decree rendered by a court of competent jurisdiction in a proceeding wherein all the parties thereto have been brought properly before the court? As said above, the charge made in the petition, now before us for consideration, when stripped of its useless allegations and the conclusions of the pleader made therein, is that the partition decree, in the case of this plaintiff against Eliza Armstrong et al., rendered on January 28, 1895, was based upon a forged deed used by the defendants in that case.

To use again the language of the opinion in 139 Mo. 678, supra, in disposing of this question, when then before the court for consideration, "whatever may be the rule elsewhere, it is well settled in this State, in order that the judgment may be set aside in a direct proceeding for that purpose, it must be made to appear that the fraud was practiced in the very act of obtaining the judgment;" that the fraud must be in the procurement of the judgment and not merely in the cause of action upon which the judgment is founded, and which could have been interposed as a defense, unless its interposition as a defense was prevented by the fraud of the adverse party.

In Nichols v. Stevens, 123 Mo. l. c. 116, it was held, that in order to set aside a judgment on the ground of its having

been obtained by fraud, it must appear, "That the judgment was concocted in fraud; that fraud was practiced in the very act of obtaining the judgment. The fraud in such case, must be actual fraud as contradistinguished from a judgment obtained upon false evidence or a forged instrument on the trial."

When the same question was before the court in Moody v. Peyton, 135 Mo. 489, it was there said, "The rule is that when a judgment is sought to be impeached upon the grounds of fraud, such impeachment can only occur when satisfactory evidence is offered that such impeaching fraud occurred in the very concoction or procurement of the judgment."

In United States v. Throckmorton, 98 U. S. 61, that court thus expressed itself: "The doctrine is equally well settled that the court will not set aside a judgment because it was founded on a fraudulent instrument or perjured evidence, or for any matter which was actually presented and considered in the judgment assailed. . . . . That the mischief of retrying every case in which the judgment or decree rendered on false testimony, given by perjured witnesses, or on contracts or documents whose genuineness or validity was in issue, and which are afterwards ascertained to be forged or fraudulent, would be greater, by reason of the endless nature of the strife, than any compensation arising from doing justice in individual cases."

Mr. Story, in his work on Equity Jurisprudence (11 Ed.), sec. 1582, thus states the rule: "The only question of fraud which is open to examination in a court of equity, as a ground for enjoining the judgment of any court having jurisdiction of the case, whether domestic or foreign, is such as intervened in the proceedings by which the judgment was obtained. All questions, prior to the proceedings by which the judgment was obtained, are necessarily concluded by it."

In Ritchie v. McMullen, 79 Fed. Rep. 573, the court had under consideration the question of setting aside a former judgment on the ground of fraud in its procurement. After

announcing the rule that the fraud for which a court of equity will annul a judgment must be extrinsic or collateral to the matter tried, this language was used: "The only fraud alleged is the false statement by the McMullens that they owned valid coupons, and were able and ready to deliver them. This was not an extrinsic or collateral fraud. It was a false statement in respect to a fact essential to plaintiff's right to recovery, and the fact that it deceived the defendant as well as the court does not charge its character, as being a fraud in respect to an issue of a former suit. It was the duty of Ritchie, by inquiry, to learn the facts in respect to plaintiffs' cause of action."

The case at bar can not be distinguished in principle from the authority above referred to, and numerous others that might be cited if further reference was deemed necessary, in which similar relief has been refused, and in which the doctrine contended for by plaintiff was denied. But appellant now contends that whatever might have heretofore been the rule in this court upon this question, the rule has been greatly modified in the case of Wonderly v. Lafayette County, 150 Mo. 635, and that it may now be construed to be, that judgments are impeachable for fraud relating to the merits of the controversy, and perpetrated against a party and the court called upon to consider it.

There is nothing in the Wonderly case which militates against the rule announced in any of the foregoing authorities. The rule there enunciated does not apply to the facts here. The distinction is obvious. In the Wonderly case the petition was predicated upon fraud in inducing the Federal court to assume jurisdiction, and the only question involved in that cause related to the manner of obtaining jurisdiction of the cause. In other words, whether the judgment could be attacked for the fraud of Wonderly in having the Federal court take jurisdiction in the case through the interposition of Francis Owens and render judgment that could not have been

obtained in the courts of this State. There a fraud was not only perpetrated upon the defendant, but the court as well, in inducing the latter to assume jurisdiction of the cause. And it was that fraud upon the court that gave the right to set aside the judgment there obtained. It has uniformly been held that fraud in "acquiring jurisdiction of the cause" affords ample ground for impeaching a judgment obtained thereby. [1 Bigelow on Fraud, 87; Adler v. Land Co., 114 Ala. 551.]

Here, there is no pretense of fraud in acquiring jurisdiction in the partition suit now sought to be set aside and annulled. On the contrary, the annulment of the decree is sought on the ground that the defendant had used a forged deed in obtaining it. In the Wonderly case, the court cites the case of Hamilton v. McLean, 139 Mo. 678, supra, with approval.

While it is true, as contended by plaintiff, that the deed in question was assailed in the partition suit on the ground of its having been obtained by fraud and undue influence, yet that was not the only issue tendered by the pleadings. In that case the petition referring to the deed in question and two others, executed at the same time, alleged that "they were and are null and void." The defendants in their answer in that suit set up that deed averring its execution and delivery by John L. Hamilton, whereby he "conveyed his undivided one-half interest in and to the land in the petition described to these defendants." The reply, after denying each and every allegation contained in the answer, alleged that the deed in question "is not and never was the act and deed of John A. Hamilton." Thus it appears that the execution and validity of the deed in the controversy was directly involved in the partition suit.

The validity of the deed having been directly, and not extrinsically or collaterally, involved in that case, the plaintiff is concluded thereby and can not, in the circumstances of this case, again go into the merits of that controversy, even though

the deed may afterwards have been discovered to be a forgery. For it is entirely settled in this State that what might have been shown under the pleadings is deemed settled as much as those in respect to which evidence was adduced, and a failure to introduce evidence affecting those matters in issue by the pleading in nowise affects the question of what facts were actually settled.    [Donnell v. Wright, 147 Mo. l. c. 647.]

Counsel for plaintiff, however, seek to excuse their failure to show that the deed was a forgery upon the trial of the partition suit, by alleging in their second amended petition that the defendants had "at divers times subsequent to the date of the deed and before the trial of the partition suit, fraudulently represented that the deed was genuine, and that it had been signed by John L. Hamilton." This was not a statement of an extrinsic or collateral matter.    It was a fraudulent statement touching a matter necessarily involved in the trial of the merits of the partition suit; and the mere fact that both the plaintiff and the court were deceived thereby does not affect the question involved here, or change the character of such representations.    It devolved upon the plaintiff to ascertain the facts in respect to the alleged execution and validity of the deed, and he had no right to rely alone upon the defendant's statements concerning it.    It is not claimed that any confidential relations existed between the plaintiff and defendants. They occupied antagonistic positions towards the property and towards each other so that plaintiff relied at his peril upon any statement defendants may have made relative to the character of their title.    [Ritchie v. McMullen, 79 Fed. Rep. l. c. 531; Lewis v. Land Co., 124 Mo. 687; Wood v. Amory, 105 N. Y. 282.]

Moreover, the pleadings in the partition suit, which are set out in the petition herein, conclusively show that the plaintiff was not misled or induced by any statements, made by the defendants to admit the genuineness of the deed in

question, but specifically and emphatically denied the execution thereof.

The plaintiff having been given an opportunity of showing that the deed was a forgery, upon the trial of the former suit, and having failed to do so, the judgment will not now be set aside, and the merits of the action gone into again.

The judgment of the circuit court is therefore affirmed. All concur.