J. W. BROWN, Respondent, v. W. J. CRAWFORD, et al., Appellants.

Kansas City Court of Appeals, February 7, 1916.

1. **WITNESSES: Evidence: Death of Agent: Competency of Principal: Presence of Principal.** Where a business matter is partly transacted with the agent of one of two principals, his principal being present, and the remainder of the transaction is with the agent, his principal being absent, and the agent died, it was *held* that as to that part of the transaction where the agent's principal was present, the other principal was a competent witness; but as to that part transacted with the agent in his principal's absence, the other principal was not a competent witness.

2. **JUDGMENT: Fraud. Compromise: Judgment by Default.** To set a judgment aside as being obtained by fraud, the fraud must be in the very procurement of the judgment; and the evidence must be so cogent and strong as not to leave a reasonable doubt of the fraud. And if it be shown, in that manner that two parties to an action pending before a justice of the peace, compromised the case by the defendant paying the plaintiff the amount agreed upon, the plaintiff stating he would immediately dismiss, but instead of doing so, took a judgment by default, that was a fraud in the procurement of the judgment.

Appeal from Pettis Circuit Court.—*Hon. H. B. Shain,* Judge.

REVERSED AND REMANDED.

*E. C. White* and *G. W. Barnett* for appellants.

*H. D. Dow* for respondent.

ELLISON, P. J.—Defendant brought suit against the plaintiff before a justice of the peace of Pettis county for sixty-one dollars. Plaintiff claims that he comprómised the case for twenty-five dollars and paid that sum to defendant's attorney with the understanding that the attorney would immediately dismiss the case. He further claims that he supposed this had been done but found the case had been continued to a certain day and on that day judgment taken against him, upon which an execution was issued. He then brought this action by filing a bill in the circuit court to enjoin the enforcement of the judgment on the ground that it had been procured by fraud. The trial court, so far as the abstract shows, made no specific finding on the charge of fraud, but decreed that the judgment was void and that the execution should be quashed.

It appears from the testimony of plaintiff himself that error was committed in a ruling on the admission of his testimony. He stated that he desired to settle the case and went to the office of defendant's attorney

(who at the time of trial was dead) and so advised him; that the attorney called over the telephone for defendant to come to his office; that defendant came and he and defendant agreed upon a settlement for twenty-five dollars; that he and defendant then went down the street when defendant told him to pay the money to his, defendant's, attorney. That presently thereafter he went back alone to the attorney's office and paid him ten dollars, taking a receipt which he had lost, and telling the attorney that he would be back in the evening and pay the balance; that he did return and give him a check for fifteen dollars, the attorney promising to go to the justice's office and dismiss the case. All that part of this evidence concerning the part the attorney took in the matter—what he said and did—while in the presence of defendant was admissible. For, notwithstanding his agent's death, he remains on an equal footing with his adversary, since he survives and may protect himself in the matter said to have been transacted by the deceased agent in his presence. But all that part occurring subsequently, should have been excluded; since the attorney, acting as agent for defendant, being dead, plaintiff, as the surviving party to the transaction in dispute is incompetent. [Wendover v. Baker, 121 Mo. 273, 297.] In such situation the reason which stands for excluding evidence of a surviving party when the other party is dead, applies.

But plaintiff insists that though this evidence was incompetent, yet enough remains to justify the decree. Defendant, on the other hand, insists that there is nothing to plaintiff's case after excluding the matter transpiring with the attorney. We do not feel that we can agree with either. Applicable to plaintiff's insistence, the rule is that he must not only have a preponderance of the evidence in order to nullify a judgment for fraud, but it must be so cogent and strong as

to leave no reasonable doubt. [Lieber v. Lieber, 239 Mo. 1, 31.] And the fraud must be in the very procurement or concoction of the judgment. [Hamilton v. McLean, 139 Mo. 678, 685; Nichols v. Stevens, 123 Mo. 96.]

If it be true that defendant agreed to settle and dismiss the case for twenty-five dollars and after accepting the money instead of dismissing, he broke faith with plaintiff and took judgment by default against him for the full amount claimed, it was a fraud in the very procurement of the judgment. So therefore the question is, was there the character of proof the law requires in such cases? It must be admitted that there was evidence strongly tending to prove plaintiff's case. Besides his own testimony he produced the check of fifteen dollars given to the attorney which had noted thereon the words, "For Crawford Bal." On the other hand, defendant testified that the compromise sum was twenty-seven instead of twenty-five dollars; and that plaintiff had admitted, after these alleged payments, that he still owed, at least, a part of the compromise sum. It appears in plaintiff's testimony that at the time of the settlement he had an ample bank account, yet he did not explain why he paid ten dollars in cash and later the same evening came back and gave the check for fifteen dollars.

The case being complicated with incompetent evidence as above pointed out, has left it in an unsatisfactory condition and we conclude that justice will be done by remanding the cause for another trial. Reversed and remanded. All concur.