# CHARLESTON.

## ANNON *v.* BROWN.

Submitted June 10, 1908. Decided January 26, 1909.

1. EQUITY—*Adequate Remedy at Law.*

   For the recovery of an aliquot part of a specific sum of money, realized from a joint transaction or venture as net profit, and set aside in the hands of one of the parties as the sum to which he and another are entitled and which they are to share equally, the legal remedies are appropriate and adequate, and preclude jurisdiction in equity. (p. 36.)

2. SAME—*Jurisdiction—Collection and Distribution of Funds the Result of Joint Adventure.*

   A bill showing the accomplishment of the object of a joint venture or enterprise, involving only labor and expense, and resulting in the acquisition of only a fund for distribution among the parties, which remains uncollected, praying dissolu-

tion of the relation subsisting among the parties, an injunction against collection by one of them, the appointment of a receiver, and distribution of assets, without alleging insolvency of any of the parties or other fact, indicative of danger of loss, is demurrable for want of equity; and, if such facts be alleged, for the purpose of conferring jurisdiction to enable the plaintiff to enforce a legal demand in a court of equity, they are regarded as setting up a mere pretext for equity jurisdiction.  (p. 37.)

Appeal from Circuit Court, Harrison County.

Bill by Oliver A. Annon against John W. Brown and others. Decree for defendants, and plaintiff appeals.

*Affirmed.*

SPERRY & SPERRY and H. T. HOUSTON, for appellant.

DAVIS & DAVIS, for appellees.

POFFENBARGER JUDGE:

Oliver A. Annon complains of the dismissal of his bill filed in the circuit court of Harrison county against John W. Brown and others, seeking dissolution of an alleged copartnership and an accounting.

. He represents and shows that he is interested in commissions, arising out of sales of real estate, in the manner and to the extent following:  Jay Reefer and Joseph W. Thorn were dealing in real estate as partners, and held options on, and contracts respecting, the coal in certain tracts of land in Taylor county, susceptible of consolidation into one coal area of nearly 3,000 acres.  Having no purchaser for the same, they agreed with Annon to allow him, in consideration of his furnishing them a purchaser therefor, one-third of such net profits as should be realized from a sale.  Annon secured the co-operation of Brown, who sustained such relation to the Maryland Coal Company as to induce the belief that he could render material aid in the effort to sell it, and Annon agreed with Brown to allow him one-half of his one-third of the net profits to be realized from such sale.  Reefer and Brown enlisted Waldo P. Goff in the enterprise, agreeing to share their two-thirds of profit with him. Three tracts of land were sold and conveyed to said company and, as to the remaining one, a contract of sale was made, for the enforcement of which a suit in equity is pending.  Without any notice to plaintiff, the other parties accounted among

themselves, and something more than $6,000.00 was paid over to Brown as and for one-third of the net profits derived from the sale of two of the tracts. One-third of the amount to be derived from the sale of the tract in litigation will be about $2,139.78, and something due on account of the remaining tract has not as yet been collected, but the amount is not stated, plaintiff being unable to give it because Brown has in his possession all the correspondence and papers relating to the transaction and refuses to disclose his knowledge and information as to the facts. No relief against Reefer, Thorne and Goff is asked, it being admitted that they have paid to Brown all he and the plaintiff are entitled to receive from the money collected. The bill prays dissolution of the alleged copartnership, an accounting by Brown, payment of the debts, division of the residue, an injunction, inhibiting further collections by Brown, the appointment of a receiver and an interlocutory decree, requiring Brown to pay to the receiver the funds in his hands.

As to the funds in the hands of Brown, there is adequate remedy at law. A settlement, satisfactory to the plaintiff, has been made by the other parties. The expenses and charges against the gross sum have been ascertained and deducted, the net profit ascertained and divided among them, and Brown only is indebted to the plaintiff for one-half of said sum of $6,000.00, according to the allegations of the bill. It is profit, ascertained, set aside, and paid into the hands of one of the two parties between whom it is to be sub-divided. If the relation of copartnership among the parties, covering the matters set up in the bill, exists, the sum in Brown's hands to which the plaintiff is entitled may be had without settlement of the partnership accounts. As to it, they have been settled and all he needs is a judgment or decree for the amount due him, $3,000.00. It is isolated from the partnership accounts, and due and payable. The exertion of equity powers for its custody or conservation is not necessary, and the law gives adequate remedies for the mere collection thereof. *Newman* v. *Ruby,* 54 W. Va. 381; *Wright* v. *Michie,* 6 Grat. 354.

The question arising on the uncollected money due and expected is not so easy of solution. In confining the argument to the existence of a relation of copartnership among the parties, counsel have fallen into a misapprehension. Any relation of

trust and confidence, such as that of principal and agent, calls for the exercise of equity jurisdiction, when one or more of the parties is entitled to relief. There need not be a copartnership. *Thorne* v. *Brown* 63 W. Va. 603 (60 S. E. 614) ; *Wilson* v. *Kennedy,* 63 W. Va. 1 (59 S. E. 736). This alone frequently confers equity jurisdiction. Copartnership affords additional grounds. There is joint ownership of the assets. The partners collectively own them. The copartnership is in law an entity. It cannot at law sue itself or be sued by a member thereof in respect to partnership property or assets. There is no appropriate action in a court of law for the cancellation or rescission of contracts or dissolution of personal relations, nor for the partition of property owned in common. All these functions, as well as an accounting, must be performed in the dissolution of a copartnership and distribution of its assets among the members. *Newbran* v. *Snider,* 1 W. Va. 153; *Martin* v. *Lewis,* 30 Grat. 672. When an agency or trust constitutes the ground for equity jurisdiction, it often happens that only an accounting is necessary.

So far as anything is due the plaintiff on account of any supposed agency or trust, involved in the transaction set forth in the bill, there has been an accounting, and the reason for equitable intervention fails. As to the money due the parties on account of the sale of the Johnson tract, there is no duty on the part of any of the defendants to pay over anything, for it has not come into their hands. Whether the Armstrong and Kunst lands have been sold has not been finally determined, for which reason it is impossible to say anything will ever be realized from the effort to dispose of them. If no sale of these lands has been made and none shall be effected, nothing for division among the parties will every be realized from them. They are all merely engaged in a joint effort, involving labor and expense, which may prove fruitless, leaving losses to be paid and producing neither tangible property nor funds for division. They do not own the land or any interest in it. According to the tenor of the bill, the substantial object of the association or joint venture has been accomplished. The expense has ceased. Nothing remains to be done but the collection of the money, and, none of the defendants having, as yet, collected it, they are under no duty to pay it over or render an account. If a receiver were

appointed he could collect nothing now except what is yet due on account of the Johnson land, the amount of which is not disclosed. When the commissions on the Armstrong and Kunst lands shall have become due, and, together with the other, been collected, there may be occasion for equitable intervention, owing to complication in accounts or the like, but, at present, there is nothing to divide, nothing to be obtained, nor any burden to be relieved from, by a settlement. Any of the parties may collect the Johnson land commission when due, and there is no suggestion of their insolvency, or other fact, indicating danger of loss. In its present status, the Armstrong and Kunst land is only susceptible of sale and division of the proceeds, and the plaintiff needs not the aid of any court in disposing of his interest. He can sell it as well as a receiver can and without expense. The bill asserts nothing definite or specific, concerning the expenses of the venture. The allegations, respecting the uncollected money and expenses, seem to be thrown in to constitute ground for equity jurisdiction, or rather a footing in equity, on which to demand the $3,000.00, alleged to be due from Brown, the real and substantial object of the bill. So viewed, they amount to no more than a pretext for equity jurisdiction, and bills so framed have always been held bad on demurrer. *Zinn* v. *Zinn,* 54 W. Va. 483, 489; *Hale* v. *Hale,* 47 W. Va. 700; *Greathouse* v. *Greathouse,* 46 W. Va. 21, 23. Whether technically a copartnership existed among the parties it is unnecessary to determine. Under the circumstances of the case an inquiry of that kind would be mere idle speculation. Nor can the principles applied in *McKinley* v. *Lynch,* 58 W. Va. 44, and *Thorne* v. *Brown,* cited, be invoked, in each of which the main equity of the plaintiff was the right to have a contract, fraudlently obtained, set aside.

For the reasons stated, the decree will be affirmed.

*Affirmed.*