# CHARLESTON.

## WYATT v. WYATT.

Submitted February 6, 1917.   Decided February 27, 1917.

1. JUDGMENT—*Equitable Relief.*

   Upon original bill, equity will relieve from a judgment against a wife conceived and procured by the plaintiff therein merely as the fraudulent means of obtaining and appropriating to his own use, by execution sale thereunder, the personal property of her husband, the plaintiff in the bill, who in the exercise of due diligence was without knowledge of the fraud until after such sale and conversion.   (p. 711).

2. SAME—*Equitable Relief—Parties.*

   In a suit to annul the judgment and restore to the husband the personalty so obtained or its value, the wife is a necessary party.   (p. 712).

3. EQUITY—*Dismissal Without Prejudice.*

   Where in such case, because the wife is not made a party, a demurrer to the bill, otherwise good, is sustained with leave to amend, and later the bill is dismissed because not amended, the dismissal should be without prejudice, to afford opportunity to bring in the absent party by a new bill, to the end that justice may not be defeated.   (p. 712).

Appeal from Circuit Court, Randolph County.

Bill by John W. Wyatt against French C. Wyatt. Demurrer to bill sustained and cause dismissed, and plaintiff appeals.

*Decree reversed, and cause remanded.*

*C. O. Strieby,* for appellant.

*Samuel T. Spears,* for appellee.

LYNCH, PRESIDENT:

Upon this review, John W. Wyatt complains of a decree dismissing his bill on demurrer, after failure to amend within the thirty days allowed by the court for that purpose. French C. Wyatt is the sole defendant. The propriety of the rulings sustaining the demurrer and dismissing the cause is the only question presented for determination.

Succinctly stated, the bill alleges that plaintiff, a farmer living near the city of Elkins, and his wife Amanda are "well advanced in years", and defendant, now residing in Elkins, is one of their several children; that plaintiff is the owner of fifty acres of land, the legal title to which he has permitted to remain in the name of his wife, and of valuable personal property; that defendant, intending to defraud the plaintiff, designedly and artfully, by false insinuations and statements reflecting upon his moral character and marital fidelity, alienated the affection she had for her husband, by reason whereof and of the special confidence she reposed in him and by other false representations defendant fraudulently induced her to leave plaintiff in October, 1914, and make her home with defendant; that in pursuance of the fraudulent scheme to obtain plaintiff's personal property, upon the pretense of delivering it to his mother, defendant, without disclosing to her the real nature and purpose of the transactions and proceedings except to advise her that by complying with his directions "she as well as himself would not have to give testimony on certain questions which would thereafter arise", in the same month gave her his two checks for $300 each, with instruction to collect and deposit the proceeds to his credit in the Peoples National Bank, which was done under the surveillance of the wife of the defendant at his direction; that a few days later, on October 20, 1914, defendant presented to a justice of Randolph county two notes by Amanda Wyatt to himself of October 10th due in three and five days for $300 each, and two confessions of judgment, each for that amount, purporting to be signed by his mother, but which notes and confessions were in fact forgeries according to the recollection of Mrs. Wyatt, who has no knowledge of their execution and did not owe defendant any amount, and they and the judgments so procured were merely steps towards the consummation of the fraudulent machination of the defendant, supplemented by executions which he caused to be issued on such judgments and levied upon all the personalty of the plaintiff; that when plaintiff in November, 1914, still ignorant of the fraud averred, by appropriate procedure secured a trial of the right and title to the person-

alty before the same justice, defendant at the hearing "procured a lot of false and untrue and misleading testimony, by which he so corruptly clouded the issues that the justice in rendering his decision, as the plaintiff is reliably informed, getting the idea that there was a difference between the plaintiff and his wife and that the property taken by the said executions was to go to his wife, made a division of the said property, allowing a part thereof to go back to plaintiff but held the residue subject to said execution"; that plaintiff, deserted by his wife and then without evidence of the fraudulent scheme of defendant, "was not in possession of evidence to establish the truth of his contention as to the title to the said property 'any more fully than he had done before the justice", and did not know until March, 1915, where to obtain such evidence or that he would ever be able to procure it, and hence allowed the time to pass within which an appeal might be taken from the decision as to the title, and in the meantime defendant caused a large amount of the property taken under such executions to be sold thereunder and certain other property so taken he converted to his own use, to the aggregate value of $1087, and thereafter "never mentioned turning either the property or the proceeds of the sale thereof over to the plaintiff's said wife, but converted the same to his sole use and possession", and designedly and successfully undertook to deprive her of an opportunity to counsel with her friends privately; that in March, 1915, after such sale and conversion, defendant requested his mother to make him a deed for the real estate of plaintiff, and, upon her refusal by reason of suspicions aroused as to his course of conduct and good faith, grew angry and unkind to her, whereupon she in that month returned home and has ever since lived with plaintiff, and has reconveyed to him the legal title to the land; that it was only upon her return that plaintiff was enabled to procure from her knowledge of the fraud practiced by defendant, which came to him then as after discovered evidence but too late to be available on appeal from the judgment rendered by the justice in the action to try the right of property, and without which he would have been unable to maintain his contention, but with which

he could easily have maintained it. It is further alleged that defendant has other similar notes with his mother's name signed thereto, and which she denies she did sign, aggregating $1500, of the ultimate object and purpose of which plaintiff is not aware, unless it be, as the plaintiff believes and charges, fraudulently to obtain from him the title to the real estate owned by him.

The prayer of the bill is that the two judgments be cancelled as fraudulent; that all the property taken under the executions thereon be decreed to be plaintiff's property, and the same returned to him or its value decreed against the defendant, or that "if the court should be of opinion that the proper method would be to grant an appeal from the said judgment on the trial of the right of property then he be given an appeal from the said judgment and be given a new trial upon the title of the said property"; and for general relief.

Equity will not, according to the weight of authority, entertain a suit to impeach a judgment otherwise regular, merely on the ground that it was procured by perjury or forged documentary evidence. *Warehouse Co.* v. *Pridemore,* 55 W. Va. 451; 23 Cyc. 1028; 1 Black on Judgments §372. Equitable relief from a judgment obtained after a trial in an action at law is granted ordinarily only where the fraud, accident, surprise or other adventitious circumstance by or through which it was procured was unknown to the party thereby wronged, and beyond his control, however diligent he may have been. *Graham* v. *Citizens National Bank,* 45 W. Va. 701. "A judgment can not be assailed in equity upon pleadings which fail to show affirmatively some reason founded in fraud, surprise, accident or adventitious circumstance beyond the control of the party complaining why the defense was not made at law". *Turner* v. *Stewart,* 51 W. Va. 493; *Bank* v. *Distilling Co.,* 41 W. Va. 530; *Plant* v. *Humphries,* 66 W .Va. 88; *Hall* v. *McGregor,* 65 W. Va. 74. But where these grounds are alleged sufficiently, and from them it appears that an unconscionable wrong has resulted, such relief will be granted, as was done in *Holland* v. *Trotter,* 22 Gratt. 136; *Mason* v. *Nelson,* 11 Leigh 227, *Mosby* v.

*Haskins,* 4 H. & M. 427, and *Degraffenreid* v. *Donald & Co.,* 2 H. & M. 10.

If it can be said the substantive matter averred by plaintiff and admitted by the demurrer are such as to satisfy the conscience that he has been or may be greatly wronged by the machinations of the defendant, previously designed to obtain and culminating in the judgments and the executions issued thereon, without opportunity to thwart them by the exercise of due diligence because of the matters alleged, then the decree of unreserved dismissal is erroneous. It seems to us the facts alleged meet this requirement except in one particular, the absence of Amanda Wyatt. As such rights or equities as she may have or the liability created by the judgment will be affected necessarily by any decree or process awarded in the cause, because the judgments were against her, not the plaintiff, she ought to have joined as plaintiff or been joined as defendant. For this failure the decree complained of can not be held to be wholly erroneous, as plaintiff declined the opportunity to amend afforded by a former decree rendered in the cause. She was a necessary party. Her interests were directly involved. They would be affected by the annullment of the judgments, or by the grant of a new trial of the right to the property levied on under the authority of the writs of execution.

But, although not a party to the judgments rendered against his wife on the confessions charged to have been forgeries, plaintiff instituted this proceeding to determine the ownership of the personal property levied on, and, because his interest in it as well as in the land encumbered by the judgments is affected directly by the fraud charged and admitted, he had the right to sue to obtain relief from such fraud. *Bank* v. *Distilling Co., supra; Turner* v. *Stewart, supra; Justice* v. *Realty Co.,* 109 Va. 366; 23 Cyc. 988. The land and personal property are his, though the title to the former was in the name of his wife Amanda, but now in his name, so the bill avers; and if from the judgments he may upon proof be entitled to relief each species of property will be exonerated from them as encumbrances.

Although the rule is general that where the plaintiff de-

clines to amend his bill upon leave granted for that purpose and a demurrer thereto is sustained a decree of dismissal ought to be affirmed upon appeal, yet if it appear, as we think it does here, that the bill presents a good cause for relief, and is defective only for want of an indispensable party, it should not be dismissed except upon the persistence of the plaintiff in declining to bring in the necessary party when his absence is directly called to the plaintiff's attention; and in such case the decree ought specifically to state, as grounds for the dismissal, the failure of the plaintiff to introduce such person as a party to the cause. *Van Winkle* v. *Blackford,* 33 W. Va. 573, 588.

For these reasons, we reverse the decree, with costs to the appellant, and remand the cause for further proceedings herein, according to the principles announced.

*Decree reversed and cause remanded.*