# CHARLESTON.

## E. W. PARSONS *v.* K. B. PARSONS

## (No. 5696)

Submitted October 12, 1926.    Decided October 19, 1926.

1. JUDGMENT—

    To entitle a party to relief in equity against a judgment of a court of law, he must show fraud, accident, mistake, surprise, or some adventitious circumstance beyond his control. (p. 396.)

    (Judgments, 34 C. J. § 698.)

2. SAME—*Fraud Justifying Relief in Equity Against Judgment at Law Must be in its Procurement, and Extrinsic to Issues on Trial; Fraud in Cause of Action Must be Interposed as Defense to Action, and is Not Basis for Relief in Equity Against Judgment at Law.*

    The fraud which will justify relief in equity against a judgment of a court of law must be in the procurement of the judgment, and such as is extrinsic to the matters involved in the issues on the trial: fraud in the cause of action must be interposed as a defense to the action. (p. 398.)

    (Judgments, 34 C. J. §§ 739, 741.)

    (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of Syllabi.)

Appeal from Circuit Court, Jackson County.

Suit by E. W. Parsons against K. B. Parsons for an injunction against enforcing a judgment at law. From a decree for plaintiff, defendant appeals.

*Decree reversed; bill dismissed.*

*T. J. Sayre* and *K. K. Hyre,* for appellant.

*Lewis H. Miller* and *W. F. Boggess,* for appellee.

MILLER, JUDGE:

Defendant sued plaintiff before a justice of the peace in Jackson County, and obtained a judgment for the sum of $206.45. Plaintiff not being found in the state at the time, service of process was had by delivery of a copy of the summons to his wife at his usual place of abode, as provided by

section 32, chapter 50 of the Code. The judgment was rend-
ered April 3, 1923; and plaintiff claims that he never knew
of the suit until he returned home from the state of Ohio,
about April 27th.

Plaintiff immediately instituted the present suit, alleging
that he was a non-resident of the state at the time the sum-
mons was delivered to his wife, and that the cause of de-
fendant's action against him arose out of a partnership be-
tween the parties, which defense he was prevented from in-
terposing on account of ignorance that the action had been
brought, "which he could and would have made thereto had
he not been prevented from doing so by the action of the said
K. B. Parsons, whereby this plaintiff was deceived and lulled
into false security without any fault, laches or neglect on his
own part." The bill further alleges that the partnership
affairs of the parties should be settled and adjusted in a court
of equity; that defendant is indebted to plaintiff in the sum
of $500.00 or more; and that defendant should not be per-
mitted to sue in an action at law and obtain a judgment by
reason of anything arising out of the partnership affairs.

The prayer of the bill is that, "defendant, his agents, at-
torneys at law, and all others, be enjoined and restrained from
proceeding to enforce said judgment in any way, that especi-
ally the said constable of the said County of Jackson be en-
joined and restrained from levying the said execution now in
his hands, that proper process issue and proper orders be
made, that said judgment be set aside, that the partnership
accounts of plaintiff and defendant be settled, that all such
other, further and general relief may be afforded this plain-
tiff as in the premises may be just and right."

By his answer defendant admits that a partnership had
existed between the parties, but alleges that in February 1923,
such partnership was voluntarily dissolved, and a settlement
made, by which plaintiff agreed to pay him the sum of $256.45,
of which $50.00 was paid in cash at the time.

The circuit court, on the pleadings and evidence, found
that a partnership existed between the parties at the time
suit was brought and judgment entered in the justice's court,

and that said judgment was void and of no effect; and "that from the evidence taken on behalf of the plaintiff and defendant the court is unable to tell whether either owes the other anything, but is of opinion that this cause should be referred to a commissioner to take and state an account of the partnership affairs existing between the plaintiff and defendant, but the defendant K. B. Parsons desiring to rely upon the voluntary settlement of the partnership affairs as set forth in his said answer does not desire said reference and moves the court to enter a final decree herein so that he may appeal therefrom to which the plaintiff does not object;" it was therefore adjudged, ordered and decreed that the partnership theretofore existing between the parties be dissolved, and that neither party was entitled to recover anything against the other by reason of their partnership affairs; that the plaintiff was entitled to the relief prayed for in his bill; that the said judgment against him be enjoined and held for naught; and that the defendant execute a release thereof. And the cause was stricken from the docket.

On demurrer plaintiff's bill shows a good cause for relief in equity. He attacks the judgment of the justice on the ground of lack of jurisdiction, alleging that the same is a cloud upon the title to his real property in Roane County, and sets out facts entitling his to an accounting of the partnership affairs, and prays for a settlement of the partnership accounts.

The circuit court found against plaintiff on the question of jurisdiction of the justice; and we think the evidence justifies this finding. The transcript of the justice's docket shows no defect in the trial before him. The summons in that suit is in the form prescribed by the statute, and the return of the constable serving the same conforms to all the requirements of section 32, chapter 50 of the Code, providing for substituted service of process.

According to the plaintiff's evidence, he learned of the judgment too late to take an appeal to the circuit court as a matter of right, or to have the default judgment set aside on motion; but he did not apply to the circuit court for an appeal

for good cause shown within the ninety days provided by law. Then, to entitle him to relief in equity he must show fraud, accident, mistake, surprise or some adventitious circumstance beyond his control. See the numerous cases cited and digested in 8 Enc. Dig. Va. & W. Va. Rep. 537-538, and 4 Id. Cum. Sup. 61-62; 3 Wait on Actions & Defenses, 729; 2 Story's Eq-Jur. (14th ed.) sec. 1208. This proposition is too well settled to need further mention.

The mere fact that plaintiff did not learn of the substituted service, is not of itself sufficient to entitle him to relief in equity. *Daly* v. *Pennie,* 86 Cal. 552; *Lewright* v. *Reese* (Tex. Civ. App.), 223 S. W. 270; *Miller* v. *First Nat. Bank of Ada,* 133 Minn. 463.

Does the allegation in plaintiff's bill, that he could and would have made defense to the action before the justice if ''he had not been prevented from doing so by the action of the said K. B. Parsons, whereby this plaintiff was deceived and lulled into false security without any fault, laches or neglect on his part,'' entitle him to relief under the rule above stated? The only facts pleaded on this question are the manner of service of process, and that the defendant's claim grew out of a partnership between the parties which still existed at the time the judgment was rendered.

Even if the facts pleaded constituted ground for relief, plaintiff failed to prove that he was prevented from defending the action before the justice by any act of the defendant. Defendant had a right to bring suit by substituted service. The record shows no defect in the proceedings before the justice. Plaintiff does not show in what way he was misled or deceived by defendant. He testified that he gave defendant a check for $50.00 on February 17, 1923, at Toronto, Ohio, ''to keep out of a law suit.'' That was the date, and place, defendant says the final settlement and dissolution of the partnership took place. On March 1st, plaintiff wrote defendant from Toronto, saying that he had not been well, that business was bad, that he had an order in for goods, which he had about enough money to pay for, and that ''I may be able to send you some money yet before the 10th. I will see

what I can do." He explains this by saying: "K. B. Parsons told me that he was hard up and I told him that if I could arrange to let him have some money I would do it. Not that I owed him anything, but to help him out." Plaintiff does not say that defendant agreed not to bring suit; and the suit was not commenced until March 26th. Whatever he may have understood as to defendant's demand, plaintiff knew the former had threatened suit, on or before February 17th; and his letter of March 1st is evidence that he had promised defendant money for some reason. From the evidence it appears that the parties had had a number of settlements, dividing the profits on hand at the time each was made. At the time of the alleged settlement at Toronto, plaintiff was conducting the business alone, defendant having returned to his home in Jackson County in January, 1922, more than a year before.

If plaintiff was able on the trial before the justice to prove that the partnership existed at that time, and that defendant's claim arose out of the partnership, he had a good defense at law. *Newbrau* v. *Snider,* 1 W. Va. 153. He now relies on the same defense. We have found that his allegation of non-residence was not supported by the evidence, and he has failed to show that any act of defendant preventd him from making defense to the action before the justice. Then, can he attack the judgment because of the nature of defendant's claim in the action at law?

"It must be borne in mind that it is not fraud in the cause of action, but fraud in its management, which entitles a party to relief. The fraud for which a judgment may be vacated or enjoined in equity must be in the procurement of the judgment. If the cause of action is vitiated by fraud, this is a defense which must be interposed, and unless its interposition is prevented by fraud, it cannot be asserted against the judgment; for judgments are impeachable for those frauds only which are extrinsic to the merits of the case, and by which the court has been imposed upon or misled into a false judgment." 3 Freeman on Judgments (5th ed.), § 1233, and the numerous cases there cited. "It is now generally held

that the fraud which will justify such action must be extrinsic
to the matters involved in the issues on the trial at law, and
that fraud in the cause of action or instrument in suit must be
set up in the trial at law and furnishes no ground for relief
in equity, unless the interposition of the fraud as a defense
has been prevented by fraud of the opposite party, or the
judgment was rendered in a court where such defense was
not available to him." 34 C. J. 472-3. "Generally equity
will not entertain a suit to impeach a judgment, otherwise
regular, merely on the ground that it was procured by per-
jured or forged documentary evidence." *Smith Pocahontas
Coal Co.* v. *Morrison,* 93 W. Va. 356; *Warehouse Co.* v. *Pride-
more,* 55 W. Va. 451; *Graham* v. *Bank,* 45 W. Va. 701. It
thus clearly appears that a court of equity cannot inquire into
the merits of the cause of action upon which the judgment
was obtained.

As we have seen, plaintiff's right to relief in equity was
based in; 1st, want of jurisdiction; 2nd, the existence of a
partnership; and, 3rd, right to a winding up of the partner-
ship affairs, and a dissolution of the partnership. As to the
first and second grounds, we have found that plaintiff failed
to establish facts entitling him to relief. And as to the third,
the trial court was unable to find from the evidence which
of the parties was indebted to the other by reason of the part-
nership transactions, and was of opinion to refer the cause to
a commissioner to take and state an account. But the plain-
tiff permitted the final decree to be entered without such ref-
erence, and does not now complain of the decree on that
ground. From the record it appears that the parties, at the
time the final decree was rendered, were relying solely on
their respective rights as to plaintiff's right to enjoin the
judgment and have the same set aside for fraud in its pro-
curement. Finding against the plaintiff on this question, it is
our opinion that the decree of the circuit court must be wholly
reversed, and the bill dismissed.

*Decree reversed; bill dismissed.*