J. E. DUNCAN *v.* W. E. DUNCAN

(No. 8862)

Submitted May 2, 1939. Decided May 16, 1939.

F. W. *Riggs,* for appellant.
G. E. *Kesterson,* and L. W. *Blankenship,* for appellee.

KENNA, JUDGE:

This is a chancery proceeding brought in the Circuit Court of Cabell County by J. E. Duncan against W. E. Duncan for the purpose of procuring an accounting and dissolving a partnership which the litigants had formed in 1925 for the purpose of engaging in the real estate business. Process was issued March 6, 1933, and the cause was referred to a commissioner in chancery on May 31, 1933. The commissioner's report is dated April 11, 1938, and the final decree complained of was entered October 10, 1938. The effect of this decree was to set aside the commissioner's finding that there was a balance due and owing W. E. Duncan from J. E. Duncan on account of the business affairs of the partnership in the amount of $3,111.71, in all other respects to confirm the commissioner's report, to decree that there was a balance due neither of the parties and to dismiss the plaintiff's bill. It may be assumed that the commissioner's report was substantially accurate in detail, because the only exceptions to it are not based upon any mathematical inaccuracy.

The original bill of complaint dealt with nothing save the real estate partnership formed in June, 1925, for the purpose of engaging in that business in Logan and Huntington, West Virginia; the defendant, W. E. Duncan, residing in Logan, and the plaintiff, J. E. Duncan, living in Huntington. W. E. Duncan filed an answer denying the bill's material averments charging that a balance was due from him to the partnership, alleging that the plaintiff was indebted to the respondent, and joining in the prayer for an accounting.

Still later, on February 18, 1937, the plaintiff asked leave to file his amended and supplemental bill, which the court granted, and, after overruling a demurrer, "further referred" the cause to the commissioner in chancery to ascertain and report the interests of the partnership in the Duncan Brothers Plumbing & Supply Company and the West Virginia & Ohio Land Company,

two West Virginia corporations, in which they were both interested.

The allegations of the amended and supplemental bill were directed to the affairs of the two named corporations. It alleges that they were organized "for the sole purpose of aiding, benefitting and working for the good and welfare of said co-partnership, * * *" and, in effect, prays that their corporate entities may be disregarded in settling the affairs of the partnership. The amended bill includes allegations that the defendant is indebted to the complainant for a substantial sum of money based upon individual transactions. After the trial chancellor overruled the demurrer to the amended and supplemental bill, which was based primarily upon multifariousness, the respondent filed his answer denying that the two corporations were formed for the purpose of aiding the partnership, and again prayed that an accounting be had of the affairs of the partnership, Duncan Brothers Realty Company, but refusing to join in the prayer that the affairs of the two corporations be considered.

The report of the commissioner in chancery finds that Duncan Brothers Plumbing & Supply Company and West Virginia & Ohio Land Company were not shown to have been organized for the use and benefit of the partnership, and consequently disregards the testimony relating to their affairs. The commissioner reports that no testimony was offered that would enable him to state the amount of money, if any, advanced to the partnership by the individual partners.

The final decree refused to disregard the corporate entity of the two corporations in which the partners both held stock, but as to the partnership business, the decree recites that the partnership records which were kept in Logan by the defendant, W. E. Duncan, were accurate and sufficient, but for the purpose of settling the partnership accounts, the Huntington records of the partnership affairs, kept by the plaintiff, J. E. Duncan, were indispensable to a true statement; that the plaintiff and the defendant being brothers trusted each other, and neither

required accurate methods to determine the true state of their partnership affairs, and that because the defendant, W. E. Duncan, acquiesced in such loose business methods he is precluded from taking advantage of the plaintiff's negligence with reference to the Huntington records, and that the defendant's admission of certain items claimed by the plaintiff is not sufficient to overcome the effect of the incompleteness of the plaintiff's records, in view especially of the fact that the aggregate of defendant's claims by far exceeds that of the plaintiff's.

The commissioner's report, we think, was free from error excepting the manner in which interest was dealt with, and should have been confirmed, with that single exception, by the trial chancellor. The two corporations bear no relationship to the partnership on the basis of the proof submitted to the commissioner. A court of chancery, if equitable principles require it, will disregard a corporate entity. It is unnecessary to cite authority to sustain this statement. However, this record does not disclose any equitable reason for disregarding the fact that a corporation is usually to be regarded as distinct and separate from the individuals comprising it. To the contrary, one of these corporations had made an assignment for the benefit of creditors, and a substantial amount of its indebtedness was not paid. Neither of the partners at that time sought to have its corporate entity disregarded. Furthermore, there was quite a material variance in the ownership of the outstanding capital stock of the two companies.

The commissioner reported that the plaintiff, J. E. Duncan, is indebted to W. E. Duncan in the sum of $3,111.71. This balance was due largely to the purchase by the partnership of an apartment known as the "Midleburg Property" in the town of Logan. The partnership assumed the indebtedness secured by two mortgages, the second of which was held by the First National Bank of Logan, to secure eighty-five hundred dollars. It is unnecessary to recount the details of the circumstances, other than to say that the bank eventually obtained a

judgment against J. E. Duncan and W. E. Duncan for $8,226.58, which was paid in its entirety by W. E. Duncan. This apparently was the most material reason for their respective accounts with the partnership being thrown out of balance and for the commissioner's finding an amount due W. E. Duncan.

However, the commissioner refused to allow interest on the amount he found due W. E. Duncan. Although the commissioner was technically perhaps justified, we feel that under the circumstances interest should be allowed. The judgment was paid on January 18, 1932, and the defendant's contention is that he should be allowed interest from July 10, 1934, more than a year after this proceeding was instituted (March 6, 1933) by J. E. Duncan for the purpose of dissolving the partnership, the date fixed being the day on which the Midleburg property was sold and the last partnership transaction took place. We think that the defendant should be allowed interest from that date under the circumstances.

We are of the opinion that the trial chancellor's decree in penalizing the defendant, W. E. Duncan, for the inattention of the plaintiff, J. E. Duncan, to partnership affairs and his failure to keep proper books of account, because of the fact that the defendant is supposed to have acquiesced in that conduct, is permitting the plaintiff to take advantage of his own non-feasance and penalizing the defendant inequitably. It would be, we think, rather dangerous to establish the principle that the failure of one partner to keep correct records of partnership transactions in his exclusive charge could raise what is tantamount to a presumption that if the correctly kept accounts of the other partner show an indebtedness of the firm to him they are at least counter-balanced by the grossly neglected accounts of the other partner.

We are under the impression that equal opportunity has been afforded to the plaintiff and the defendant to introduce proof concerning the partnership before the commissioner, that there is but one exception to the commissioner's report which should be sustained, and

that a decree should be entered confirming the commissioner's report in all other respects, and entering a decree for the defendant, W. E. Duncan, for the amount of $3,111.76, together with interest thereon from July 10, 1934, until paid, and dissolving the partnership. We think that it was clearly erroneous for the trial chancellor to dismiss the plaintiff's bill in the light of the fact that the defendant's answer did not resist the prayer for the dissolution of the partnership, which, according to the record's showing, had ceased to do business not later than July 10, 1934. When partnership transactions are in dispute between the co-partners and a dissolution is sought by one or more of them for that reason, chancery has exclusive jurisdiction. *Newbrau* v. *Snider,* 1 W. Va. 153, 163, 88 Am. Dec. 667; *Annon* v. *Brown,* 65 W. Va. 34, 37, 63 S. E. 691; *Parsons* v. *Parsons,* 102 W. Va. 394, 398, 135 S. E. 228.

The decree of the Circuit Court of Cabell County is reversed and the cause remanded with directions to enter a decree in accord with the principles herein laid down.

*Reversed and remanded.*